IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFRY JOSUE DEL CID DEL CID and<br>MARLON LETONA MARROQUIN<br>MARROQUIN,<br><br>  Petitioners,<br><br>vs.<br><br>PAMELA BONDI, *Attorney General of the<br>United States, in Her Official Capacity, et al.*,<br><br>  Respondents. | 3:25-CV-00304-SLH<br><br>STEPHANIE L. HAINES<br>UNITED STATES DISTRICT JDUGE |

## **MEMORANDUM ORDER**

**I.   Background**

Now pending before the Court is Petitioners Jefry Josue Del Cid Del Cid ("Mr. Del Cid") and Marlon Letona Marroquin Marroquin ("Mr. Marroquin") (collectively, "Petitioners") "Motion for Temporary Restraining Order" ("Motion for a T.R.O."). (ECF No. 4).

As the Court explained in the Order it issued on September 26, 2025:

> Petitioners represent that they are both currently detained at Moshannon Valley Processing Center ("MVPC") and that they have both been designated as Special Immigrant Juveniles ("SIJ"). (ECF No. 5 at 2). Generally speaking, Petitioners allege that they are facing potential removal from this country and are not being afforded legal protections due them in light of the fact that they have been designated as SIJ. (*See* ECF No. 5). Petitioners therefore seek an injunction: (1) barring Respondents from removing them from the United States, (2) barring Respondents from removing them from the Western District of Pennsylvania during the pendency of this proceeding, and (3) "ordering their immediate release from immigration detention or, in the alternative, directing DHS and EOIR to schedule a custody redetermination hearing before a neutral adjudicator." (ECF No. 4 at 2).

(ECF No. 6 at 1).

As a result of the foregoing, on September 26, 2025, the Court entered a Temporary Restraining Order ("T.R.O.") barring Respondents from "remov[ing] Petitioners from the United States until further order of this Court." (*Id.* at 2). The Court also noted that it could not afford Petitioners immediate release from custody or a custody redetermination without first hearing from Respondents. (*Id.*). The Court therefore set a briefing schedule. (*Id.* at 3).

Pursuant to the briefing schedule that the Court established, Respondents filed their Response to Petitioners' Motion for a T.R.O. on October 3, 2025. (ECF No. 11). Petitioners filed their Reply on October 6, 2025. (ECF No. 12).

Respondents also filed a Motion to Dismiss, (ECF No. 10), arguing that Mr. Del Cid's petition for writ of habeas corpus and application for a T.R.O. are now moot because Mr. Del Cid has been released from custody and his immigration case has been terminated. (*Id.*).

## II.   Discussion

In order to obtain a T.R.O., petitioners must show that: (1) "they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief." *Hope v. Warden York County Prison*, 972 F.3d 310, 319 (3d Cir. 2020). If these "two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [respondents] more than denying relief would harm the [petitioners] and (4) whether granting relief would serve the public interest." *Id.* at 319–20. Further, a T.R.O. expires "at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." FED. R. CIV. P. 65(b)(2).

In this case, the Court entered its T.R.O. on Friday, September 26, 2025, at 2:15 P.M. That T.R.O. will therefore expire on Friday, October 10, 2025, at 2:15 P.M., unless the Court finds good cause to extend it for an additional fourteen days.

For multiple interrelated reasons, the Court finds that good cause exists to extend the T.R.O. to Friday, October 24, 2025, at 2:15 P.M. First, having reviewed the parties' submissions to date, the Court is satisfied that the four factors above support a continued T.R.O. barring Petitioners' removal[1] from the country at this time. Indeed, Petitioners have raised significant claims that *may* warrant relief via a preliminary injunction. Second, and relatedly, Petitioners' arguments, as well as Respondents' contentions in response, raise complicated legal issues. (*See* ECF No. 5 at 3) ("This case, while legally complex …"). Therefore, if the Court issues a snap judgment, it may err in matters that are of significant import to Petitioners, the Executive Branch, and the country. All of this counsels against hastily ruling on Petitioners' requests for relief. However, if the Court does not rule quickly on Petitioners' requests, and if the Court does not extend the T.R.O. until Friday the 24th, the Court runs a risk of potentially seeing individuals removed from the country without the benefit of legal protections due them.

Given all of the foregoing, the Court finds that good cause exists to extend the T.R.O. until October 24, 2025, at 2:15 P.M., which will enable the Court to hear oral argument from the parties regarding Petitioners' requests for injunctive relief, take additional briefing from the parties, and issue a decision that appropriately addresses and takes stock of the consequential legal and personal issues at stake in this matter.

Therefore, the Court enters the following Order:

## **ORDER OF COURT**

---

[1] Because the Court has not yet decided whether to dismiss Mr. Del Cid's habeas petition and request for a T.R.O., the Court continues to speak of *two* Petitioners.

3

AND NOW, this 9th day of October, 2025, IT IS HEREBY ORDERED that the T.R.O. that the Court entered at ECF No. 6 is EXTENDED until Friday, October 24, 2025, at 2:15 P.M. FED. R. CIV. P. 65(b)(2). Accordingly, Respondents shall not remove Petitioners from the country until that date and time, or until further order of this Court, whichever is earlier.

IT IS FURTHER ORDERED that counsel for Petitioners and Respondents shall appear before the Court for a Preliminary Injunction Hearing on **Wednesday, October 15, 2025, at 1:00 P.M.** The Court will conduct this hearing via Zoom and will disseminate the Zoom information to counsel of record by email prior to the hearing.

IT IS FURTHER ORDERED that Petitioners shall submit their Motion for a Preliminary Injunction, which shall contain all arguments they wish to raise in support of injunctive relief, and which shall not exceed thirty-five (35) pages, on or before **Friday, October 17, 2025, at 4:30 P.M.**

IT IS FURTHER ORDERED that Respondents shall submit their Response to Petitioners' Motion for a Preliminary Injunction, which shall not exceed thirty-five (35) pages, on or before **Monday, October 20, 2025, at 4:30 P.M.**[2]

IT IS FURTHER ORDERED that, during the Preliminary Injunction Hearing before the Court, as well as in the parties' briefs, they shall be prepared to address the following items to the Court:

> 1. The status of Mr. Del Cid and Mr. Marroquin's immigration cases;
>
> 2. Whether the Court should grant Respondents' Motion to Dismiss Mr. Del Cid's habeas petition and request for a T.R.O. as moot;

---

[2] Respondents have also apprised the Court that Mr. Marroquin has a master hearing scheduled for October 16, 2025. (ECF No. 11 at 4). Respondents therefore request "leave to supplement the record on this issue as documentation becomes available." (*Id.* at 4 n.2). Respondents (and Petitioners) may file a supplement regarding the status of Mr. Marroquin's immigration case at any time they deem fit.

4

3. The precise injunctive relief that Petitioners are presently seeking;

4. Whether Title 8, United States Code, Section 1252(g) bars this Court from affording Petitioners the relief that they seek;

5. Assuming that Section 1252(g) does bar such relief, whether that fact violates the Suspension Clause of the United States Constitution;

6. Whether Petitioners have exhausted their administrative remedies;

7. Assuming that Petitioners have not exhausted their administrative remedies, whether the Court may and should excuse exhaustion here;

8. Whether Petitioners *are* detained pursuant to Title 8, United States Code, Section 1225 or Section 1226;

9. Whether Petitioners *should be* detained pursuant to Title 8, United States Code, Section 1225 or Section 1226; and

10. Any other matter that either party sees fit to address to the Court.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE