IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFRY JOSUE DEL CID DEL CID and MARLON LETONA MARROQUIN MARROQUIN, <br><br> Petitioners, <br><br> vs. <br><br> PAMELA J. BONDI, *Attorney General of the United States, in Her Official Capacity, et al.*, <br><br> Respondents. | Case No. 3:25-cv-304-SLH <br> STEPHANIE L. HAINES <br> UNITED STATES DISTRICT JDUGE |

## **MEMORANDUM ORDER**

**I.   Background**

Now pending before the Court is Petitioners' Motion for Joinder, (ECF No. 24), in which they request leave to join Esdra Eliseo LUX MEJIA ("Mr. Lux") and Edin Alejandro SUAZO SUAZO ("Mr. Suazo") as additional petitioners in this case pursuant to Federal Rule of Civil Procedure 20(a). Petitioners also state that, upon a grant of such joinder, they "intend to request a Temporary Restraining Order and Preliminary Injunction for each of the Proposed Petitioners, consistent with the proceedings in the litigation thus far." (*Id.* at 4). Respondents have filed a Response in Opposition. (ECF No. 26).

For the following reasons, the Court: (1) GRANTS Petitioner's Motion for Joinder at ECF No. 24, (2) notes that it may not issue a Temporary Restraining Order that grants affirmative relief, and (3) sets a briefing schedule for any Motion for a Preliminary Injunction that Mr. Lux and Mr. Suazo may file.

**II.   Discussion**

A.      **Permissive Joinder Under Rule 20**

On October 23, 2025, the Court issued an Opinion: (1) explaining that current Petitioners Jefry Josue Del Cid Del Cid ("Mr. Del Cid") and Marlon Letona Marroquin Marroquin ("Mr. Marroquin") both possess SIJ Status and (2) noting that neither Petitioner appears to have a criminal record. (*See* ECF No. 18). Further, the Court held that Mr. Del Cid and Mr. Marroquin may only be detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225, so long as their relevant circumstances remain the same. (*Id.* at 32). The Court therefore ordered that Respondents provide Mr. Marroquin, who was still detained at the time of the Court's Opinion, with a bond hearing. (*Id.*).

In their Motion for Joinder, Petitioners state that, like Mr. Del Cid and Mr. Marroquin: (1) Mr. Lux and Mr. Suazo both possess SIJ Status, (2) neither Mr. Lux nor Mr. Suazo has a criminal record, and (3) Respondents are detaining both Mr. Lux and Mr. Suazo at Moshannon Valley Processing Center ("MVPC") pursuant to 8 U.S.C. § 1225, meaning that neither is being afforded a bond hearing. (*See* ECF No. 24). Respondents do not deny any of the foregoing statements by Petitioners. (ECF No. 26).

Pursuant to Federal Rule of Civil Procedure 20(a)(1):

**(1)** *Plaintiffs*. Persons may be joined in one action as plaintiffs if:

> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

For "courts applying Rule 20 and related rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties

and remedies is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (internal quotation marks and citation omitted). Further, a District Court possesses "broad authority with regard to joinder under Rule 20, which is, after all, discretionary." *Id.* at 157.

Applying those rules here, and upon consideration of the entire record in this case, the Court finds that Rule 20's requirements are satisfied. Indeed, the Court holds that, because: (1) Respondents have detained Mr. Del Cid, Mr. Marroquin, Mr. Lux, and Mr. Suazo all at MVPC under § 1225 within months of one another, (2) all four men possess SIJ Status, (3) none of the four men possess a criminal record, and (4) all four men are seeking relief in the form of a Court order that Respondents may only detain them under § 1226(a), if Respondents are going to detain them at all, the joinder of Mr. Lux and Mr. Suazo is very much appropriate under Rule 20.

### B.  Relief Sought by Mr. Lux and Mr. Suazo

Before concluding, the Court briefly addresses Petitioners' statement that, upon a grant of joinder, they "intend to request a Temporary Restraining Order and Preliminary Injunction for each of the Proposed Petitioners, consistent with the proceedings in the litigation thus far." (ECF No. 24 at 4).

With respect to a request for a Temporary Restraining Order, the Third Circuit has made clear that "a court may not convert an *ex parte* TRO into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 320 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*]. Therefore, this Court frequently declines to enter affirmative relief without first affording the opposing party an opportunity to respond. In short, the Court's point is simply that, if Petitioners intend to seek affirmative injunctive relief,

they would do well to abide by the foregoing legal principles, which will likely lead them to file a request for a Preliminary Injunction, not a request for a Temporary Restraining Order.

Accordingly, the Court enters the following Order:

## **ORDER OF COURT**

AND NOW, this 26th day of November, 2025, IT IS HEREBY ORDERED that Petitioners' Motion for Joinder at ECF No. 24 is GRANTED for the reasons set forth in the foregoing Memorandum Order.

IT IS FURTHER ORDERED Mr. Lux and Mr. Suazo may file an appropriate Motion for a Preliminary Injunction.

IT IS FURTHER ORDERED that Petitioners shall serve any such Motion for a Preliminary Injunction upon Respondents.

IT IS FURTHER ORDERED that, **within five (5) days** of such service, Respondents shall file their Response in Opposition to Petitioners' Motion. Respondents are advised that, if Mr. Lux and Mr. Suazo are situated in the same manner as Mr. Del Cid and Mr. Marroquin, the Court presently sees no reason why it would not extend its findings in its Opinion at ECF No. 18 and Order at ECF No. 19 to Mr. Lux and Mr. Suazo. Therefore, if Mr. Lux and Mr. Suazo are not similarly situated to Mr. Del Cid and Mr. Marroquin, Respondents would do well to explain to the Court why that is the case.

BY THE COURT:

/s/ *Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE